# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TAMMY TAULBEE, | : | Case No. 3:20-cv-5 |
| Plaintiff, | : | |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Tammy Taulbee brings this case challenging the Social Security Administration's denial of her application for period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #11), the Commissioner's Memorandum in Opposition (Doc. #15), Plaintiff's Reply (Doc. #16), and the administrative record (Doc. #8).

**I.   Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 423(a)(1). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. § 423(d)(1)(A); *see Bowen,* 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on February 17, 2016, alleging disability due to several impairments, including fibromyalgia, rheumatoid arthritis, bulging discs,

depression, and anxiety. After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Gregory G. Kenyon. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful employment since February 25, 2015.

Step 2: She has the severe impairments of degenerative disc disease of the lumbar spine, fibromyalgia, depression, and an anxiety disorder.

Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity, or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "sedentary work … with the following additional limitations: (1) occasional crouching, crawling, kneeling, stooping, balancing and climbing of ramps and stairs; (2) no climbing of ladders, ropes and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) frequent use of the hands for handling and fingering; (5) limited to performing unskilled, simple, repetitive tasks; (6) occasional contact with co-workers and supervisors; (7) no public contact; (8) no fast paced production or strict production quotas; and ([9]) limited to performing jobs which involve very little, if any, change in the job duties or the work routine from one day to the next."

She is unable to perform any of her past relevant work.

Step 5: She could perform a significant number of jobs that exist in the national economy.

(Doc. #8, *PageID* #s 59-72). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 72.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #8, *PageID* #s 59-72), Plaintiff's Statement of Errors (Doc. #11), the Commissioner's Memorandum in

2

Opposition (Doc. #15), and Plaintiff's Reply (Doc. #16).  To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II. Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards.  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).  Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)).  It is "less than a preponderance but more than a scintilla."  *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record.  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right."  *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

## III. Discussion

Plaintiff contends that the ALJ reversibly erred in evaluating the treating and medical source opinions, medical evidence, symptom severity, and her residual functional capacity.  Further, she asserts that the ALJ failed to identify obesity as a severe impairment and failed to consider it all stages of the sequential evaluation.  The Commissioner maintains that substantial

evidence supports the ALJ's residual functional capacity determination and the ALJ's decision accounts for Plaintiff's obesity.

### A. Medical Opinions

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. "Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers,* 486 F.3d at 242 (citations omitted). The rule is straightforward:

> Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record."

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry*, 741 F.3d at 723.

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson*, 378 F.3d at 544).

The Regulations also require ALJs to provide "good reasons" for the weight placed upon a treating source's opinions. *Wilson*, 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." *Id*. (quoting Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). The goal is to make clear to any subsequent reviewer the weight given and the reasons for that weight. *Id*. Substantial evidence must support the reasons provided by the ALJ. *Id*.

4

The ALJ assigned "little weight" to the opinion of Plaintiff's treating physician, Otto R. Dueno, M.D., and treating nurse practitioner, Christina Dueno, PHHNP-BC. The ALJ correctly observed that Ms. Dueno is not an acceptable medical source. (Doc. #8, *PageID* #70). He only gave one reason for discounting Dr. Dueno's opinion; he found that treatment records from Midwest Clinical Research "do not show severe psychological symptoms." *Id.*

Dr. Dueno and Ms. Dueno completed a mental impairment questionnaire in May 2018. *Id.* at 1396-99. They diagnosed major depression, recurrent, moderate and agoraphobia with panic disorder. *Id.* at 1396. Her symptoms include poor memory; sleep disturbance; mood disturbances; social withdrawal or isolation; emotional lability; blunt, flat, or inappropriate affect; decreased energy; recurrent panic attacks; anhedonia or pervasive loss of interests; generalized persistent anxiety; and difficulty thinking or concentrating. *Id.* They opined that Plaintiff would be off task more than twenty percent of the typical workweek due to physical/psychological problems and would be absent from work more than three times a month. *Id.* Dr. Dueno and Ms. Dueno concluded that Plaintiff would not be able to perform regular, fulltime, competitive work on a sustained basis without missing work more than two times per month, being off task more than fifteen percent of the workday, or needing additional breaks due to her impairments, medical appointments, and/or treatment. *Id.* at 1398

Although the ALJ acknowledged Dr. Dueno is a treating source, the ALJ failed to mention the concept of "controlling weight" when analyzing Dr. Dueno's opinions and failed to address the two factors of the treating physician rule. *Id.* at 70; *Gayheart*, 710 F.3d at 377 (finding error where the ALJ's "analysis does not explain to which aspect of the controlling-weight test [a] critique is relevant"). This failure constitutes reversible error because it "deprives the Court of the opportunity to meaningfully review whether [the ALJ] undertook the 'two-step inquiry' required

5

when analyzing treating source opinions." *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016); *see also Hatton v. Comm'r of Soc. Sec.*, No. 3:18-CV-008, 2018 WL 4766963, at *4 (S.D. Ohio Oct. 3, 2018), *report and recommendation adopted*, No. 3:18-CV-008, 2018 WL 5084758 (S.D. Ohio Oct. 18, 2018); *Reese v. Comm'r of Soc. Sec.,* No. 3:17-CV-283, 2018 WL 2381896, at *3 (S.D. Ohio May 25, 2018).

The ALJ also failed to adequately address the other factors set forth in 20 C.F.R. § 404.1527. Soc. Sec. R. 96-2p, 1996 WL 374188, at *8 (when a treating source opinion is not controlling, the treating source opinion is "still entitled to deference and must be weighed using all of the factors..."). The ALJ only provided one reason for discounting Dr. Dueno's opinion: "[Plaintiff's] progress notes from Midwest Clinical Research do not show severe psychological symptoms." (Doc. #8, *PageID* #70). But the ALJ failed to provide any citations to the record. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2011) ("Put simply, it is not enough to dismiss a treating physician's opinion as 'incompatible with other evidence of record: there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick.").

Notably, the record contains several findings that appear supportive of Dr. Dueno's opinion. For example, when Plaintiff first saw Dr. Dueno and Ms. Dueno in March 2017, she reported sadness, irritability, weekly crying episodes, no energy, no focus/concentration, anhedonia, insomnia, fatigue, and withdrawing/isolating from friends and family. *Id.* at 1228. Plaintiff explained that her anxiety was triggered when she found that was no longer able to pick up her fifteen-pound grandson. *Id.* She described having a panic attack while grocery shopping, running out of the store, and sitting in her car for one to two hours before feeling calm enough to drive home. *Id.* Since then, she fears another and avoids going out at all. *Id.* One month later,

6

Plaintiff was "continuing to struggle with significant depressive symptoms secondary to her declining health and new onset physical limitations." *Id.* at 1230.  She reported crying almost daily, isolating herself in her house, and having fleeting thoughts of not wanted to be here anymore (although she had no plan or intent).  *Id.*  Indeed, Dr. Dueno's treatment records consistently indicate that Plaintiff reported experiencing sadness, hopelessness, low energy, anhedonia, withdrawal/isolation, and crying daily.  *Id.* at 1233, 1236, 1239, 1243.  Further, treatment records consistently show that, upon mental status exam, she had a depressed mood and constricted affect, she was tearful at times, and/or she was preoccupied with her health.  *Id.* at 1233, 1236, 1239.[1]  These records appear to be consistent with Dr. Dueno's opinion.

In sum, the ALJ failed to provide "good reasons" for discounting Dr. Dueno's opinion.  *See Rogers*, 486 F.3d at 242 (quoting Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *4) ("the ALJ must provide 'good reasons' for discounting treating physicians' opinions, reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'").  "Because of the significance of the notice requirement in ensuring that each denied claimant receives fair process, a failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers.*, 486 F.3d at 243 (citation omitted).

---

[1] Further, when Plaintiff was at Miami Valley Hospital in October 2017, she was "pink slipped" after reporting that she had thoughts of hurting herself and had guns in her house.  (Doc. #8, *PageID* #1030).  Specifically, Plaintiff reported that "she begins to have suicidal ideation when the pain is bad."  *Id.*  However, she later stated that she has never attempted suicide before; her previous comments were taken out of context; and they did not represent intent to carry out suicidal plans.  The doctor noted that she has a past psychiatric history of depression and anxiety and has an extensive history of chronic pain from osteoarthritis, rheumatoid arthritis, and fibromyalgia.  Her symptoms included depressed mood, feelings of worthlessness, decreased concentration, irritability, restlessness, difficulty sleeping, and subjective nervousness and anxiousness.  *Id.* at 1035.

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[2]

**B.     Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security

---

[2] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

8

Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. The Commissioner's non-disability finding is vacated;

2. No finding is made as to whether Plaintiff Tammy Taulbee was under a "disability" within the meaning of the Social Security Act;

3. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

4. The case is terminated on the Court's docket.

September 20, 2021                                  *s/Peter B. Silvain, Jr.*
                                                    Peter B. Silvain, Jr.
                                                    United States Magistrate Judge